IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL ACTION |
| | : | |
| v. | : | |
| | : | |
| MARK WAYNE RAMSEY | : | No. 19-268 |

### MEMORANDUM

PRATTER, J.                                                                                                                     OCTOBER 4, 2021

#### INTRODUCTION AND BACKGROUND

The Government and the defendant, Mark Wayne Ramsey, disagree on the required elements of a charged offense under 18 U.S.C. § 1348. In his Proposed Jury Instructions, Mr. Ramsey asserts that the "personal benefit test" applies to charges of securities fraud under *both* the Securities Exchange Act in Title 15 and under Title 18. *See* Doc. No. 116, at 37 ("Defendant's Proposed Instruction No. 22"). By contrast, the Government contends that the "personal benefit test" applies to charges of securities fraud under Title 15 *but not* under Title 18. *See* Doc. No. 120, at 57–58 ("Government Request No. 42"). The parties pursued their respective positions on this point at the charging conference prior to the final day of trial and before presenting closing arguments. At the conclusion of the charging conference, the Court invited written submissions, which both sides then provided, Docs. No. 139 & 140, leaving the matter ripe for the Court's resolution.

#### DISCUSSION

This dispute centers on one sub-element of a charge under the first subsection of § 1348 of Title 18. Under § 1348(1), the Government must prove three elements. First, the Government must prove beyond a reasonable doubt that a defendant knowingly devised (or willfully participated in)

1

"a scheme or artifice to defraud." *See* 18 U.S.C. § 1348(1). Second, the Government must prove beyond a reasonable doubt that a defendant had "fraudulent intent." *See United States v. Hatfield*, 724 F. Supp. 2d 321, 324 (E.D.N.Y. 2010). *Cf. United States v. Harra,* 985 F.3d 196, 222 n.21 (3d Cir. 2021) (assuming without deciding that this is a required element based on precedential opinions from sister circuits so holding). Third, the Government must prove beyond a reasonable doubt that the "scheme or artifice to defraud" was "in connection with" a security of a certain issuer or with certain filing requirements. *See* 18 U.S.C. § 1348.

Under element one, the "scheme to defraud," the parties disagree over the definition of that element. Specifically, the parties dispute whether a charge of securities fraud based on the misappropriation theory of insider trading requires the Government to prove that the tipper received a "personal benefit" from his or her tip of confidential information under Title 18. In short, because a charge of securities fraud under Title 15 (the Securities Exchange Act) *does* require the Government to prove that the tipper received some "personal benefit," the question arose whether this same requirement applies to securities fraud charged under Title 18.[1]

The Government contends that it does not have to prove a tipper received any "personal benefit" (this is known as the "personal benefit test") from an alleged tip for a charge of securities fraud under Title 18. *See* Doc. No. 120, at 57–58 ("Government Request No. 42"); Doc. No. 139. The Government's argument is based on (1) a recently vacated Second Circuit decision, (2) the Government brief in that same Second Circuit case on remand (3) scant discussion in two Northern District of Georgia cases and (4) the absence of any mention of the personal benefit test in other cases discussing the required elements of an offense under § 1348. *See* Doc. No. 139.

---

[1] *See Dirks v. SEC*, 463 U.S. 646 (1983) (establishing that a tipper must personally benefit from his or her tip of confidential insider information to a tippee in cases of tipee liability under Title 15 (the Securities Exchange Act)).

2

Mr. Ramsey argues that the same personal benefit test that applies to misappropriation insider trading securities fraud charged under Title 15 *does* apply to the same under Title 18. *See* Doc. No. 116, at 37 ("Defendant's Proposed Instruction No. 22"); Doc. No. 140. Mr. Ramsey's argument is based on the fact that the Supreme Court vacated the same Second Circuit opinion cited by the Government in January 2021. *See* Doc. No. 140. The defense asserts, "We cannot, however, infer from the remand that the Supreme Court was uninterested in the question of whether the personal benefit requirement applies to Title 18 securities fraud – it simply did not reach the question in light of the fact that *Kelly* likely undermined the Title 18 securities fraud convictions on another ground." *Id.* at 1.

The Court is not persuaded by Mr. Ramsey's argument for two reasons, one legal and one policy.

### I. Mr. Ramsey Failed to Assert Any Legal Reason Why the Personal Benefit Test Should Apply to Offenses Charged Under Title 18

Only one court, the Second Circuit Court of Appeals in *United States v. Blaszczak*, 947 F.3d 19 (2d Cir. 2019), *judgment vacated*, 141 S. Ct. 1040 (2021), has engaged in substantive analysis of this issue. The *Blaszczak* Court engaged in a close reading of Title 15 and Title 18, and ultimately held that "the personal-benefit test does not apply to the wire fraud and Title 18 securities fraud statutes." *Id.* at 37. Because of the importance of that case to the one now before this Court, a brief summary of the *Blaszczak* Court's reasoning on this issue in order.

The *Blaszczak* Court began by noting the similarity in the language of a "scheme to defraud" between Title 15 fraud and § 1348(1). *See Blaszczak*, 947 F.3d at 35. However, the Second Circuit Court of Appeals then went on to explain that the personal benefit test was a court-created doctrine intended to effectuate the statutory purpose of the Securities Exchange Act. *Id.*

3

The Court explained that *Dirks v. SEC*, 463 U.S. 646 (1983), grafted the personal benefit test onto the Title 15 fraud provisions only to enforce Congress' intention to eliminate the use of insider information for "*personal advantage.*" *Id.* (quoting *Dirks*, 463 U.S. at 662) (emphasis in original). The *Blaszczak* Court clarified that *Dirks* created this test specifically in the context of Title 15 because Congress knew that insiders would always have access to information not available to the public, and each possible disclosure of this information would *not* necessarily constitute "fraud" under an embezzlement theory.[2] *See id.* at 35–36. Instead, the *Dirks* Court held that a tipper could not commit fraud for purposes of Title 15 absent a showing that the tipper received some personal benefit. *See id.* In contrast, the *Blaszczak* Court explained that the personal benefit test "finds no support in the embezzlement theory of fraud recognized in *Carpenter* [*v. United States*, 484 U.S. 19 (1987)]" and Title 18. *Id.* at 36.

In addition, the *Blaszczak* Court explained that § 1348 in particular was meant to be far broader than Title 15. Citing a Senate report on § 1348, the Second Circuit Court of Appeals noted that § 1348 "was intended to provide prosecutors with a different – and broader – enforcement mechanism to address securities fraud than what had been previously provided in the Title 15 fraud provisions." *Id.* at 36–37 (citing S. Rep. No. 107-146, at 14).

Based on both of these reasons, the Second Circuit Court of Appeals concluded that the personal benefit test was based "entirely on the purpose of the Exchange Act," and declined to extend it to Title 18. *Id.*

---

[2] The *Blaszczak* Court explained that Title 15 is based on securities law, while Title 18 is based on the embezzlement theory of fraud. *See Blaszczak*, 947 F.3d at 35–36. Thus, the *Dirks* personal benefit test focused on ensuring insiders did not use that information for their own benefit, but did not entirely preclude insiders from acting based on information they acquired. *See id.* In Title 18, based on embezzlement, however, "there is no additional requirement that an insider breach a duty to the owner of the property, since 'it is impossible for a person to embezzle the money of another without committing a fraud upon him.'" *Id.* at 36 (quoting *Grin v. Shine*, 187 U.S. 181, 189 (1902)).

4

Research has revealed only two district court cases from the Northern District of Georgia that address this particular issue. In *United States v. Melvin*, 143 F. Supp. 3d 1354, 1371 (N.D. Ga. 2015), *aff'd*, 918 F.3d 1296 (11th Cir. 2017), the Court noted that the defendants there had not offered any convincing legal reason why the personal benefit test of Title 15 should be imported into Title 18. *Id.* at 1375. And, similar to the *Blaszczak* Court, the *Melvin* Court cited to § 1348's legislative history and its broader purpose. *See id.* Nevertheless, the *Melvin* Court assumed the personal benefit test did apply under Title 18 but still rejected the defendant's argument that the indictment was legally insufficient. *Id.*

The *Melvin* Court relied on another Northern District of Georgia case, *United States v. Slawson*, No. 14-CR-0186, 2014 WL 5804191, at *6 (N.D. Ga. Nov. 7, 2014), *report and recommendation adopted*, No. 14-CR-0186, 2014 WL 6990307 (N.D. Ga. Dec. 10, 2014). There, the Court also declined to import the personal benefit test into Title 18. *Slawson*, 2014 WL 5804191, at *7 ("This court declines to impose on the charges set forth in the indictment the requirement to plead elements of offenses not charged in the indictment in light of the lack of binding or persuasive legal authority imposing same.").

On the other hand, the reason put forth by the Mr. Ramsey is not convincing nor legally binding. Mr. Ramsey argues that the Supreme Court granted certiorari on *Blaszczak* on both issues raised in the plaintiff's petition for certiorari, which included the issue of whether the personal benefit test applied to Title 18. *See* Doc. No. 140; Petition for Writ of Certiorari, *Blaszczak v. United States*, 141 S. Ct. 1040 (2020) (No. 20-306). Because the petition for certiorari included both issues and the Supreme Court granted the petition, vacated the Second Circuit Court of Appeals' opinion, and remanded the case for further consideration, Mr. Ramsey argues, the Second Circuit Court of Appeals' reasoning and conclusion regarding the personal benefit test is bunk.

5

Mr. Ramsey is right, of course, that the *Blaszczak* decision has been vacated by the Supreme Court. *Blaszczak v. United States*, 141 S. Ct. 1040 (2021) (mem.). Mr. Ramsey is wrong, however, to suggest that this dictates the outcome in this case.

First, Mr. Ramsey's speculation as to the reasons for the Supreme Court's decision in *Blaszczak* is unavailing. The Supreme Court granted the petition for certiorari in *Blaszczak*, vacated the Second Circuit Court of Appeals' opinion, and remanded to the Second Circuit Court of Appeals. This is known as a "grant, vacate, and remand" or "GVR" for short. The Supreme Court issued this GVR in light of the Supreme Court's decision in *Kelly* v. *United States*, 140 S. Ct. 1565 (2020). *Blaszczak*, 141 S. Ct. 1040. In *Kelly*, as discussed more at-length in this Court's memorandum denying Mr. Ramsey's Motion to Dismiss, *see* Doc. No. 128, the Supreme Court held that the government regulatory decisions leading to the "Bridgegate" scandal could not be considered "property" for the purposes of the mail and wire fraud statutes. *Kelly*, 140 S. Ct. at 1572. The Supreme Court's GVR in *Blaszczak*, however, makes no mention of the personal benefit test. *See Blaszczak*, 141 S. Ct. 1040. Mr. Ramsey may well be right that "We cannot . . . infer from the remand that the Supreme Court was uninterested in the question of whether the personal benefit requirement applies to Title 18 securities fraud. . . ." Doc. No. 140, at 1. But the converse of Mr. Ramsey's assertion is equally true: We cannot infer from the remand that the Supreme Court *was* interested in the question of whether the personal benefit requirement applies to Title 18 securities fraud. Indeed, the fact that the Supreme Court did not reach the question of the personal benefit test is no more revealing or helpful than reading tea leaves.

Moreover, while it is true that *Blaszczak* has been vacated, the *Blaszczak* Court's reasoning in holding that the personal benefit test does not apply to Title 18 remains instructive and persuasive. The fact that at least one other court separately came to the same conclusion as the

6

Second Circuit Court of Appeals in *Blaszczak* lends further credence to the holding in *Blaszczak* that the personal benefit test does *not* apply to Title 18. In other words, the Court concludes that Mr. Ramsey's argument that *Blaszczak* is on shaky legal footing is overstated.

Second, Mr. Ramsey's argument fails as a matter of law. The Supreme Court's GVR provides no legal precedent whatsoever. *See Tyler v. Cain*, 533 U.S. 656, 666 n.6 (2001); *Henry v. City of Rock Hill*, 376 U.S. 776, 777 (1964); *see also Gonzalez v. Justices of Mun. Ct. of Boston*, 420 F.3d 5, 7 (1st Cir. 2005) ("The GVR order itself does not constitute a final determination on the merits; it does not even carry precedential weight."). Thus, the Court rejects Mr. Ramsey's suggestion that we act based on the Supreme Court's GVR in *Blaszczak* alone.

In short, Mr. Ramsey has not offered any convincing reason, legal or otherwise, why the personal benefit test of Title 15 should be imported into Title 18. *See Melvin*, 143 F. Supp. 3d at 1375. Therefore, the Court rejects Mr. Ramsey's argument that the personal benefit test is also a required element of an offense charged under 18 U.S.C. § 1348(1).

Lastly, the Government cited a number of cases that discuss the elements of a charge under § 1348 but that do not mention the personal benefit test as a required element. *See* Doc. No. 139, at 2 (collecting cases). The Government seems to assert that this absence of the personal benefit test in the various courts' recitations of the required elements proves that the personal benefit test does not apply to Title 18. This line of argument, however, risks engaging in a logical fallacy—that absence of evidence is evidence of absence—and, therefore, the Court will not adopt the Government's argument on this point.

## II. Policy Reasons Counsel the Same Conclusion

As a matter of policy, the conclusion that the personal benefit test does not apply to offenses under Title 18 makes logical sense. Numerous courts have discussed the broad purpose of § 1348

7

and the policy choices behind the enactment of that law as part of the Sarbanes-Oxley Act. *See, e.g., United States v. Hussain*, 972 F.3d 1138, 1147–48 (9th Cir. 2020) (construing the "in connection with" language of § 1348 broadly and holding that the defendant's action causing Hewlett Packard to issue a press release was "in connection with" a security for purposes of § 1348); *United States v. Mahaffy*, No. 05-cr-613, 2006 WL 2224518, at *12 (E.D.N.Y. Aug. 2, 2006) (interpreting § 1348 and noting that "the broad language of § 1348 shows that the intent of Congress was not only to protect the holders of securities, but to prohibit all forms of fraudulent conduct associated with securities, regardless of who the conduct affects"). This, too, supports the argument that it was Congress's intent to make proof of an offense of securities fraud under Title 18 less demanding than under Title 15.

Therefore, for the stated policy reasons in addition to the stated legal reasons, the Court rejects Mr. Ramsey's argument that the personal benefit test is a required element of an offense charged under 18 U.S.C. § 1348(1).

## CONCLUSION

For the foregoing reasons, the Court denies the Defendant's Proposed Instruction No. 22 as Defendant's challenge to the Government's counter proposal. An appropriate Order follows.

BY THE COURT:

GENE E.K. PRATTER
UNITED STATES DISTRICT JUDGE