# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL ACTION |
| | : | |
| v. | : | |
| | : | |
| MARK WAYNE RAMSEY | : | No. 19-268 |

## MEMORANDUM

PRATTER, J.                                                                                        OCTOBER 5, 2021

### INTRODUCTION AND BACKGROUND

The Government and Defendant, Mark Wayne Ramsey, disagreed over the admissibility of portions of the proposed testimony of one of Mr. Ramsey's witnesses. Mr. Ramsey sought to introduce the testimony of Michelle B. Lowry, TD Bank Professor of Finance at Lebow College of Business, Drexel University. Doc. No. 130-1, at 1. The Government filed a Motion in Limine to exclude, under Federal Rule of Evidence 702, the portions of Professor Lowry's testimony in which the defense proposed to have Professor Lowry opine as an expert witness. Doc. No. 130. The parties presented oral argument on this issue during the course of the trial and outside the presence of the jury prior to Professor Lowry's testimony on September 23, 2021. After hearing arguments from both sides, the Court issued an Order from the bench, concluding that the Government's Motion in Limine was moot. This memorandum accompanies and further elucidates that bench ruling.

### LEGAL STANDARD

Motions in limine are made prior to trial or the presentation of evidence in order to aid the clear presentation of evidence. "[A] a motion *in limine* is designed to narrow the evidentiary issues for trial and to eliminate unnecessary trial interruptions." *Bradley v. Pittsburgh Bd. of*

1

*Educ.*, 913 F. 2d 1064, 1069 (1990). "Evidence should only be excluded on a motion *in limine* if it is clearly inadmissible on all potential grounds. The movant bears the burden of demonstrating that the evidence is inadmissible on all potential grounds." *Hunt v. Drake*, No. 16-CV-1729, 2020 WL 3402343 (M.D. Pa. June 19, 2020) (italics in original) (citation and internal quotation marks omitted).

## DISCUSSION

Mr. Ramsey sought to introduce the testimony of Professor Lowry for two purposes: as a summary witness under Federal Rule of Evidence 1006 and as an expert witness under Federal Rule of Evidence 702. Doc. No. 130-1, at 1–2. The Government conceded to Professor Lowry testifying as a summary witness. Doc. No. 130, at 3 n.1.[1] However, the Government objected to Professor Lowry testifying as an expert witness. *See, e.g.*, Doc. No. 130, at 1. Specifically, the Government objected to Professor Lowry offering her opinion that "the pattern of trading in the account" at issue in the case was "not consistent with what one would expect to see in connection with deliberate insider trading." Doc. No. 130, at 2–3. The Government further objected to the defense's clarified proposal that Professor Lowry would testify to a principle of applied economics that "people rationally weigh the costs and benefits of an action to the risks and behave accordingly." Doc. No. 130, at 3.

During oral argument on this issue, the Court expressed grave reservations about the defense's proposed plan. Trial Tr., September 23, 2021. More specifically, the Court noted that any testimony in which Professor Lowry opined on the rational decision-making habits of people based on the principle of applied economics discussed above was likely not "an area of

---

[1] The Government retained the right to object to any summary exhibits introduced as part of Professor Lowry's summary testimony. Doc. No. 130, at 3 n.1. However, at oral argument on this issue, it became clear that the defense did not propose to introduce any new exhibits. Trial Tr., September 23, 2021. Therefore, this issue is moot as well.

expertise. . . under the Third Circuit case law" applying the seminal Supreme Court case *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), in which the Supreme Court set out courts' gatekeeping role under Federal Rule of Evidence 702. Trial Tr., September 23, 2021. In response to the Court's misgivings, the defense proposed to reframe Professor Lowry's testimony such that Professor Lowry would testify as to her familiarity observing the patterns of insider trading and whether she saw those patterns in the account at issue. Trial Tr., September 23, 2021. After further clarification, the defense explained its proposal to be "more summary testimony" in which Professor Lowry would testify "to summarize the companies in which securities were purchased in the account." Trial Tr., September 23, 2021. In other words, the defense sought to introduce Professor Lowry as a counterpoint to the Government's summary witness in order to give a "fuller picture" of the activity in the account. Trial Tr., September 23, 2021. The defense explained that the relevance of the testimony was to present circumstantial evidence that Mr. Ramsey did not intend to engage in insider trading. *See* Trial Tr., September 23, 2021.

Based on this clarified understanding of the defense's proposed testimony from Professor Lowry, the Government's concession to Professor Lowry testifying as a summary witness, Doc. No. 130, at 3 n.1, and the Government's concession to the defense's clarified purpose of Professor Lowry's testimony, *see* Trial Tr., September 23, 2021, the Court issued an order from the bench concluding that the Government's Motion in Limine was moot, *id.*. Professor Lowry thereafter testified about activity in the accounts without opining on the subjective motivations or intentions of the persons at issue.

CONCLUSION

For the foregoing reasons, the Court concludes the Government's Motion in Limine is moot. An appropriate confirming order follows.

BY THE COURT:

GENE E.K. PRATTER
UNITED STATES DISTRICT JUDGE